JOHN V. LEWIS, Respondent, *v.* WALLACE C. ANDREWS, Appellant.

*Supreme Court, First Department, General Term, July, 9, 1889.*

1. *Questions of fact. Documentary proof.*—Where there is a conflict between documentary and oral proof, it is for the jury, after taking all the circumstances into consideration, to say whether they will give most weight to the written or to the spoken evidence; and the court cannot properly direct that, in a particular case, the written proof shall control.
2. *Trial. Offer.*—An offer to restore a certificate of a trust company to defendant on the trial, in the absence of proof that it has any value, is sufficient.
3. *Evidence. Money.*—In an action to recover money alleged to have been paid to the defendant to be used in the promotion of a cable road, when a franchise shall be obtained, and to be returned on demand, evidence as to the various proceedings of the cable company is proper, as throwing light upon the interviews and correspondence between the parties to the action.
4. *Same. Notoriety.*—Evidence as to the newspaper notoriety of the fact that a certain person was connected with the cable enterprise, is inadmissible.
5. *Appeal.*—The admission of harmless evidence is no ground of error.

Appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial.

*Everett P. Wheeler*, for appellant.

*Almon Goodwin*, for respondent.

BARTLETT, J.—In the autumn of 1885, the plaintiff by his check dated on the 3d day of September in that year, paid $10,000 to the defendant. He alleges that the defendant received and accepted this money as a deposit to be used in the promotion and construction of a cable railroad in the city of New York, but agreed that none of it should be thus employed until the board of aldermen and the legislature had confirmed the franchises sought for such road; and the plaintiff further claims that the defendant agreed to return the money on demand, but without interest, if he should at any time desire to withdraw it. After it became evident that the franchises could not be obtained, the plaintiff did desire a return of the $10,000, and being unable to procure it, he instituted this suit.

The defense is that the payment was really a subscription to the bonds of the New York Cable Railway Company by the plaintiff, who knew that the money was to go to Charles P. Shaw, a promoter of the enterprise, by whom the bonds were to be furnished, and by whom the money would be returned if not already expended, should anything occur to prevent the enterprise from going on.

The proof as to the true nature of the transaction consisted of the oral testimony of the parties and others, and of the correspondence between the plaintiff and defendant. The contents of the plaintiff's letters tended strongly to sustain the position of the defense. But notwithstanding the cogency of this proof, the evidence was not so preponderating in favor of the defendant as to require the direction of verdict or the granting of a new trial on the ground that the verdict for the plaintiff was against the evidence.

Aside from the claim that the verdict was against the weight of the evidence, the defendant alleges error in the refusal of the trial court to charge certain of his requests, and in certain rulings as to the admission and exclusion of testimony.

The learned judge declined to charge the defendant's fifth request, which was in these words :

" *Fifth.* The letters and written correspondence between the two parties, shortly after the contract between them was made, are of more weight in deciding what the contract was than evidence as to verbal admissions at a later date."

As to this proposition, the court said : " I will not charge that they are of more weight, but I will charge that these letters, as I said before, are to be taken into consideration, and in connection with the oral testimony and their indications as to what the understanding of the contract was by the writers of the letters."

The defendant's exception to the refusal of the trial judge to instruct the jury precisely, as requested, cannot be sustained. Undoubtedly it is true, as an abstract proposition, that, other things being equal, the written declarations of parties made at or about the time of a transaction, are a more trustworthy guide to the true character of that transaction than the subsequent oral statements of the same persons. But in every jury case in which there is a conflict between the documentary and the oral proof, it is for the jury to say, taking all the circumstances into consideration, whether they will give most weight to that which is written or to that which is spoken, and the court cannot properly direct them that in that particular case the written proofs shall control.

After the $10,000 check of the plaintiff had been deposited by the defendant, a certificate of the American Loan and Trust Company was sent to the plaintiff, which acknowledged the receipt from him of $10,000 " for account of Charles P. Shaw, attorney," for which sum the American Loan and Trust Company, out of certain bonds delivered to it in trust thereby agreed to deliver to the plaintiff $20,000 in the first mortgage bonds and a like amount in the second mortgage income bonds of the New York Cable Railway Company. By his eighth request the defendant asked the

court to charge that if the jury found that this certificate was not tendered to the plaintiff before the suit was brought, the verdict should be for the defendant. The court refused to charge further on this subject than had already been charged, having previously left it to the jury to say whether or not the certificate was offered back before the trial, and having instructed the jury further that if the certificate was not a thing of value then it was enough to offer to return it at the trial. Under the circumstances of the case, we think it was sufficient to offer to restore the certificate to the defendant at the trial as was actually done. There was no evidence tending to show that the certificate had any value, and the proof as to the failure of the New York Cable Railway Company to secure any franchise indicated pretty clearly that it was worthless. But apart from this consideration, a return of the certificate was important only to secure the defendant against an acquisition of the bonds therein mentioned by the plaintiff or some transferee of the plaintiff; and he was fully protected against any such danger by its production in court on the trial and the offer to return it which was then made.

A gentleman named Macaulay who was called as a witness for the plaintiff in rebuttal, was allowed to testify, against objection and exception in behalf of the defendant, that a portion of certain moneys which he had subscribed to the cable railway enterprise had been returned to him. It is argued that the admission of this testimony was erroneous because the fact that the defendant had made concessions to other persons in reference to transactions similar to that in suit had no tendency to prove that his contract with the plaintiff involved an obligation to return on demand the money which he had received from the plaintiff. This view would be correct and the evidence would have been inadmissible if the defendant himself had not testified upon the same subject on his direct examination. "Within a few days after the money was paid in,

he said, there were one or two subscribers who concluded to withdraw their money from Mr. Shaw. I know I advised Mr. Shaw to pay it promptly. I did not myself pay it back. * * * I think there had been some decision adverse—something reported; they seemed discouraged, and that money was paid back. * * * I got the money from Mr. Shaw and paid that back myself; eighty per cent." The defendant having given this testimony himself could not possibly have been injured by anything to which Macaulay testified.

It was proper to receive the evidence which was admitted as to the various proceedings of the New York Cable Railway Company, as throwing light upon the interviews and correspondence between the parties to the action. The trial court was also right in declining to admit evidence as to the newspaper notoriety of the fact that Mr. Charles P. Shaw was connected with the cable railroad enterprise. Even if established, this fact would not have tended to show that the contract of the plaintiff was with Mr. Shaw rather than with the defendant.

The judgment appealed from should be affirmed, with costs.

VAN BRUNT, Ch. J., and MACOMBER, J., concur.